IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>EDGARGO COLON-LEDEE, et al.,<br><br>     Defendants. | Crim. No. 09-131 (ADC/BJM) |

## REPORT AND RECOMMENDATION

Defendant, Edgardo Colon-Ledee ("Colon"), was charged in an eight-count indictment with various offenses relating to bankruptcy fraud. (Docket No. 3). Colon moves to dismiss Count Eight, charging him with fraudulent transfer under 18 U.S.C. § 152(7), as time barred. (Docket No. 73). The government has opposed. (Docket No. 120). For the reasons that follow, I recommend that the motion be **DENIED**.

## BACKGROUND

Colon was indicted on April 1, 2009. Count One alleges conspiracy, concealment of assets, and fraudulent transfers under 18 U.S.C. §§ 152(1), 152(7), and 371. Count Two alleges concealment of assets in violation of 18 U.S.C. § 152(1) and (2). Counts Three through Five all allege fraudulent transfers under 18 U.S.C. § 152(7) and 2. Count Seven alleges money laundering under 18 U.S.C. § 1956. Counts Six and Eight allege fraudulent transfers under 18 U.S.C. § 152(7). (Docket No. 3).

Count Eight specifically charges that on or about March 22, 2002, Colon "knowingly and fraudulently transferred and concealed property belonging to the defendant . . . , to wit: seventy-five thousand dollars ($75,000) obtained from a personal line of credit at Banco Santander via check #2682290, and deposited into account #1002001160 belonging to Investments Unlimited at R&G Premier Bank." (Docket No. 3, p. 11-12). Moreover, in connection with Count Eight, the indictment

**United States of America v. Edgardo Colon-Ledee, et al.**  Page 2
Crim. No. 09-131 (ADC/BJM)
**REPORT AND RECOMMENDATION**

alleges that after depositing $75,000 in proceeds to an account belonging to Investments Unlimited, Colon used the funds for various purposes, including mortgage payments on his property known as Malaga #1. In August 2002, Colon allegedly transferred Malaga #1 to Investments Unlimited. (Docket No. 3, p. 4). On May 28, 2003, Colon filed for bankruptcy. Colon allegedly failed to disclose his ownership of Investments Unlimited and its assets, including the bank account into which the $75,000 had allegedly been deposited, thereby preventing the trustee from using its assets to satisfy the debts defendant owed his creditors. Colon listed the $75,000 on his bankruptcy schedule. (Bankr. No. 03-05547 (GAC), Docket No. 1). After the United States Trustee objected to a bankruptcy discharge, Colon and the Trustee stipulated to a waiver of discharge and the bankruptcy court approved the stipulation denying discharge on March 25, 2008. (Bankr. No. 07-00231 (GAC), Docket No. 36).

## DISCUSSION

Colon moves to dismiss Count Eight of the indictment as time barred under the five-year statute of limitations applicable to non-capital federal felonies pursuant to 18 U.S.C. § 3282. (Docket No. 73, p. 3, 5). The government, for its part, argues that pursuant to 18 U.S.C. § 3284 ("section 3284"), bankruptcy crimes involving concealment are continuing offenses, and therefore the limitations period did not commence until Colon was denied a discharge on March 25, 2008. (Docket No. 120, p. 1).

The statute of limitations for non-capital offenses is five years, "[e]xcept as otherwise expressly provided by law." 18 U.S.C. § 3282. A continuing offense is defined as a crime that is committed over a period of time, so that the last act of the crime controls when the statute of limitations begins to run.[1] An offense shall not be deemed a continuing offense unless the language of the statute compels such a conclusion. Toussie v. United States, 397 U.S. 112, 114-15 (1970). However, "[t]he concealment of assets of a debtor in a case under title 11 shall be deemed to be a

---

[1] Black's Law Dictionary 1186 (9th ed. 2009).

**United States of America v. Edgardo Colon-Ledee, et al.**   Page 3
Crim. No. 09-131 (ADC/BJM)
**REPORT AND RECOMMENDATION**

continuing offense until the debtor shall have been finally discharged or a discharge denied, and the period of limitations shall not begin to run until such final discharge or denial of discharge." 18 U.S.C. § 3284.

Section 3284's language clearly evinces that Congress has recognized concealment of a debtor's assets as a continuing offense. United States v. Gilbert, 136 F.3d 1451, 1453 (11th Cir. 1998); see also United States v. Stein, 233 F.3d 6, 18 (1st Cir. 2000). Not only has Congress been clear in stating that concealment is a continuing offense, but it has also specified when that continuing offense shall be deemed complete for limitations purposes. Gilbert, 136 F.3d at 1453. In particular, section 3284 provides that the period of limitations shall not begin to run until the debtor has been discharged or a discharge has been denied.

In this case, Count Eight alleges a violation of 18 U.S.C. § 152(7)[2], which prohibits defeating the intent of the bankruptcy code by "knowingly and fraudulently transfer[ring] or conceal[ing]" property in contemplation of a bankruptcy case. 18 U.S.C. § 152(7). Because concealment of assets is deemed a continuing offense under section 3284, the statute of limitations period started running on March 25, 2008, when Colon was denied discharge. Colon was indicted on April 1, 2009, well within the five-year limitations period.

Notwithstanding the above, Colon argues that the government is confusing fraudulent transfers with acts of concealment, and argues that the transfer in this case did not, in fact, constitute concealment. (Docket No. 134, p. 2). Be that as it may, the court finds that it is a factual matter to be left to the determination of the jury. Here, the indictment clearly states that Colon "knowingly and fraudulently **transferred and concealed property**" (Docket No. 3, p. 11-12) (emphasis added), which, together with the other allegations in the indictment, satisfy Rule 7's mandate that the

---

[2] 18 U.S.C. § 152(7) imposes criminal liability on whoever, "in a personal capacity or as an agent or officer of any person or corporation, in contemplation of a case under title 11 by or against the person or any other person or corporation, or with intent to defeat the provisions of title 11, knowingly and fraudulently transfers or conceals any of his property or the property of such other person or corporation."

indictment contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1). More is not required. Therefore, I recommend that defendant's motion be **denied**.

## CONCLUSION

For the foregoing reasons, I recommend that Colon's motion to dismiss Count Eight of the indictment (Docket No. 73) be **DENIED**.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court. Any objections to the same must be specific and mist be filed with the Clerk of Court within fourteen (14) days. See Local Rule 72(d); 28 U.S.C. § 636(b)(1). Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F. 3d 143, 150-51 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 14th day of July, 2010.

*S/Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge