**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>[1] EDGARDO COLON-LEDEE,<br><br>    Defendant. | Crim. No. 09-131 (ADC) |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**I.    Background**

On April 1, 2009, the grand jury issued an eight-count indictment against Edgardo Colón-Ledée ("defendant") and Astrid Colón-Ledée (collectively "defendants"), accusing defendants of various offenses relating to bankruptcy fraud. **ECF No. 3**. In count eight of the indictment, defendant was charged with fraudulent transfer in violation of 18 U.S.C. §152(7). *Id.* Specifically, this count asserts that, on March 22, 2002, defendant

> knowingly and fraudulently transferred and concealed property belonging to the defendant, unbeknownst to the bankruptcy trustee, creditor, and the United States Trustee, to wit: seventy-five thousand dollars ($75,000) obtained from a personal line of credit at Banco Santander via check #2682290, and deposited into account #1002001160 belonging to Investments Unlimited at R&G Premier Bank.

*Id.* Additionally, defendant was charged with money laundering, conspiracy, concealment of assets and fraudulent transfers. *Id.*

On September 30, 2009, defendant filed a motion to dismiss count eight of the indictment. **ECF No. 73**. Therein, defendant argues that this count must be dismissed as it is barred by the five-year statute of limitations which applies to non-capital cases. *Id.*

On October 21, 2009, the United States responded to defendant's motion. **ECF No. 120**. In this filing, the United States asserts that bankruptcy crimes which involve concealment are continuing offenses and, accordingly, the limitations period did not commence until defendant was denied a bankruptcy discharge on March 25, 2008. *Id.* Thus, the United States contends that the indictment was filed well within the applicable five-year statute of limitations. *Id.*

Criminal No. 09-131 (ADC)                                                                                                         Page 2

On July 14, 2010, Magistrate Judge Bruce J. McGiverin entered his Report and Recommendation, in which he advised that the court deny defendant's motion to dismiss count eight. **ECF No. 155**. Specifically, the Magistrate Judge found that the statute of limitations did not begin to run until defendant's discharge was denied on March 25, 2008. *Id.* The Magistrate Judge stated that a five-year statute of limitations applies to the offense, and, accordingly opined that the filing of the indictment on April 1, 2009 was timely. *Id.* Accordingly, Magistrate Judge McGiverin recommended that the court deny defendant's motion to dismiss count eight of the indictment. *Id.* Defendant did not file any objections to the Report and Recommendation.

## II.     Review of a Magistrate Judge's Report and Recommendation

The District Court may refer pending criminal motions to a Magistrate Judge for entry of a report and recommendation. 28 U.S.C. §636(b)(1)(A); FED.R.CRIM.P. 59(b)(1); D.P.R. Crim. R. 159. An adversely affected party may file written objections to the report and recommendation within fourteen days after served with the same. 28 U.S.C. §636(b)(1). "Absent objection by [the adversely affected party], [a] district court ha[s] a right to assume that [the affected party] agrees to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985). Thus, "a party's failure to assert a specific objection to a report and recommendation irretrievably waives any right to review by the district court and the court of appeals." *Santiago v. Canon U.S.A., Inc.*, 138 F.3d 1, 4 (1st Cir. 1998). Accordingly, absent a proper objection, the court need only satisfy itself that there in no plain error in the Magistrate Judge's findings in order to adopt the same and accept an unopposed report and recommendation. *López-Mulero v. Valez-Colón*, 490 F.Supp. 2d 214, 217-218 (D.P.R. 2007) (citing *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021 (1985)). In the instant case, defendant has raised no objections to Magistrate Judge McGiverin's Report and Recommendation; consequently, the court reviews the same for plain error only.

### III.   Motion to Dismiss Count Eight

As Magistrate Judge McGiverin correctly noted, 18 U.S.C. §3284[1] renders any crime which involves the concealment of a debtor's assets during bankruptcy proceedings a continuing offense. *See United States v. Stein*, 233 F.3d 6, 18 (1st Cir. 2000) ("Like conspiracy, bankruptcy concealment has been described as a continuing offense.") Under §3284, the statute of limitations does not begin to run until the debtor has been discharged or until discharge is denied.  28 U.S.C. §3284.  Thus, as stated by the Magistrate Judge, the statute of limitations in the instant case began to run on March 25, 2008, when defendant was denied discharge.  As a five-year limitations period applies to the charged offense under 18 U.S.C. §3282, and as the indictment was filed on April 1, 2009, the indictment occurred well within the limitations period.

### IV.   Conclusion

For the reasons stated above, the court hereby ADOPTS Magistrate Judge McGiverin's Report and Recommendation (**ECF No. 155**), INCORPORATING IT HEREIN BY REFERENCE IN TOTO and, accordingly, DENIES defendant's motion to dismiss count eight of the indictment (**ECF No. 73**).

**IT IS SO ORDERED.**

At San Juan, Puerto Rico, on this 6th day of May, 2011.

S/AIDA M. DELGADO-COLON
**Chief U. S.  District Judge**

---

[1] Specifically, the statute provides:

> The concealment of assets of a debtor in a case under title 11 shall be deemed to be a continuing offense until the debtor shall have been finally discharged or a discharge denied, and the period of limitations shall not begin to run until such final discharge or denial of discharge.

18 U.S.C. §3284.