**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

     Plaintiff,

     v.                                                                        **Crim. No. 09-131 (ADC)**

[1] EDGARDO COLÓN LEDÉE,

[2] ASTRID  COLÓN LEDÉE,

     Defendants.

<u>**OPINION AND ORDER**</u>

**I.     Background**

On April 1, 2009, the grand jury issued an eight-count indictment against against Edgardo Colón-Ledée ("defendant") and Astrid Colón-Ledée ("co-defendant", collectively "defendants"). **ECF No. 3**. In that indictment, defendants were charged with various offenses relating to bankruptcy fraud. *Id.* On April 16, 2009, defendants were arrested and entered their initial appearances before Magistrate Judge Bruce McGiverin, who set bail at $50,000 as to each defendant. **ECF Nos. 7 & 8**. The court ordered their release on that same day. **ECF Nos. 9 & 10**.

Currently pending before the court is defendant Edgardo Colón-Ledée's motion to dismiss for a violation of the Speedy Trial Act, 18 U.S.C. §3161 *et seq.* ("the Act" or "STA"), filed on March 28, 2011. **ECF No. 185**. Therein, defendant argues that the seventy day period allowed between a criminal defendant's first appearance in court and the defendant's trial has elapsed. *Id.* Specifically, defendant argues that the period elapsed on June 25, 2009, precisely seventy days after his first appearance. *Id.* Accordingly, he requests that the court dismiss the indictment against him. *Id.* On April 1, 2011, defendant supplemented this motion with an informative motion, to which a calendar and a table of relevant dates were attached. **ECF No. 187**.[1]

---

[1]  The Informative Motion at **ECF No. 187** is hereby **NOTED**.

On April 28, 2011, the United States filed its opposition[2] to defendant's motion to dismiss. **ECF No. 194**. First, the United States asserts that only thirty-one non-excludable days had elapsed between defendant's first appearance and the date of defendant's dispositive filing. *Id.* The United States notes that on July 21, 2009 the court instituted an ends of justice continuance (**ECF No. 189**) due to the impending knee surgery of Mr. Harry Anduze ("Anduze"), co-defendant's lead counsel. *Id.* Thus, the United States argues, the Act has remained tolled since that date. *Id.* The United States also asserts that defendant is presently barred from arguing that the ends of justice continuance was ineffective in tolling the Act as defendants explicitly and in open court agreed to the tolling, as the tolling was appropriate, as defendants have used the time to their advantage, and as former defense counsel used the lack of a trial date as basis for withdrawal[3]. *Id.* Finally, the United States argues that, even if the court were to find a Speedy Trial Act violation, dismissal without prejudice would be the proper remedy. *Id.*

On May 6, 2011, co-defendant moved to join[4] in defendant's motion to dismiss (**ECF No. 199**) and on May 9, 2011, the court granted the request (**ECF No. 201**). On May 17, 2011,

---

[2] Before filing its opposition, the United States requested an extension of time to file in order to receive and review a relevant transcript. **ECF No. 190**. Before the court ruled on that request, defendant objected to the requested extension and requested that the court grant its unopposed motion to dismiss. **ECF. No. 192**. Inasmuch as the court subsequently granted the requested extension (**ECF No. 193**), defendant's request is **MOOT** at this time. The court shall consider the original motion to dismiss, the opposition thereto and defendant's reply herein.

[3] The record reflects that from April 16, 2009 (**ECF No. 6**) until February 17, 2011 (**ECF No. 182**), defendant Edgardo Colón-Ledeé was represented by Attorney Ramón García. On January 21, 2011, Attorney Nicolas Nogueras filed his notice of appearance. **ECF No. 177**.

[4] Inasmuch as co-defendant Astrid Colón-Ledeé requests to join in arguments for dismissal under the Sixth Amendment, the court cannot find that defendant has set forth a properly developed argument regarding a potential violation of his Sixth Amendment rights. *See United States v. Dowdell*, 595 F.3d 50, 60 (1st Cir. 2010) (noting that alleged violations of the Speedy Trial Act and of the Sixth Amendment are separate challenges, applying a four-pronged test to the latter). Accordingly, the court shall not address any such argument herein. *See United States v. Williams*, 630 F.3d 44, 50 (1st Cir. 2010) (applying the principle that underdeveloped arguments are deemed waived).

defendant filed his reply to the United States' opposition to his motion to dismiss, primarily arguing that the court should distinguish cases cited by the United States from the instant case. **ECF No. 205**.

On June 8, 2011, defendant filed an additional motion to dismiss under the Speedy Trial Act, incorporating all of his previous arguments and adding a new argument. **ECF No. 210**. Now he asserts that the pretrial conference held on June 6, 2011, in which the court announced that the motion to dismiss would be denied, did not serve to begin the Speedy Trial clock anew. *Id.* On June 21, 2011, the United States opposed the motion. **ECF No. 211**. In that motion, the United States contends that no Speedy Trial violation has occurred at this time. *Id.* Further, requests that the Court institute an ends of justice continuance until the trial in the instant case, which is currently set to begin on September 6, 2011. *Id.*

## II.    Speedy Trial Act

The Speedy Trial Act ("STA") was designed with twin purposes: first, the STA protects "a defendant's constitutional right to a speedy trial[;]" second, the STA "serve[s] the public interest in bringing prompt criminal proceedings." *United States v. Scantleberry-Frank*. 158 F.3d 612, 614 (1st Cir. 1998) (internal quotation and citation omitted). A criminal defendant's primary concerns regarding his right to a speedy trial are "preserv[ing] the means of proving his defense,"and avoiding lengthy pretrial imprisonment or conditional release,[5] as well as "anxiety and public suspicion arising out of the accusation." *United States v. Pringle*, 751 F.2d 419, 429 (1st Cir. 1984), *rehearing and rehearing en banc denied*. On the other hand, "[f]rom the point of view of the public, a speedy trial is necessary to preserve the means of proving the charge, to maximize the deterrent effect of prosecution and conviction, and to avoid, in some cases, an extended period of pretrial freedom by the defendant." *Id.*

"The Speedy Trial Act . . . commands that a defendant be tried within 70 days of the latest of either the filing of an indictment . . . or the first appearance before a judge or

---

[5] It is to be noted that both defendants remain released on bond and have not alleged prejudice resulting from any pretrial delay.

magistrate." *Henderson v. United States*, 476 U.S. 321, 322 (1986) (citing 18 U.S.C. §3161 *et seq.*). This mandate "cannot be taken literally, however, for the Act contemplates that certain periods of time will be excluded from the computation." *United States v. Staula*, 80 F.3d 596, 600 (1st Cir. 1996) (citing 18 U.S.C. §3161(h)). Thus, when faced with an alleged STA infraction, the court should review the procedural history of the case, performing a "basic mathemati[cal]" computation in order to determine how many non-excludable days have elapsed since the indictment was filed or the defendant appeared for the first time. *Id.; see also Pringle*, 751 F.2d at 429. The burden of proof for establishing a violation of the STA rests with the criminal defendant. *See* 18 U.S.C. §3162(a)(2).

The Speedy Trial clock began to tick in the instant case on April 16, 2009, when defendants[6] were arraigned (**ECF Nos. 7 & 8**). *See* 18 U.S.C. §3161(c)(1). However, as noted above, the court is not obliged to see defendants' trial within seventy calendar days of the arraignment if any of the exceptions set forth by the Act apply. Thus, defendant's blunt argument that an excess of the seventy days contemplated by the Act have passed and, accordingly, that the indictment must be dismissed is faulty. The court does not perform a mechanical calculation of days elapsed for speedy trial purposes, simply counting each passing day from defendant's first appearance until the motion to dismiss was filed. Rather, the court must perform a multi-step mathematical computation, removing any days excluded by the exceptions contained within the Act from the seventy day Speedy Trial clock.

### A.      Pretrial Motions before July 21, 2009

The STA provides a number of exclusions from the computation of time for Speedy

---

[6]  "[W]hen a joint trial is in prospect, the speedy trial clock seeks the longest available span of time." *United States v. Barnes*, 251 F.3d 251, 257 (1st Cir. 2001). Thus, for the sake of clarity, the court addresses both defendant and co-defendant's allegations of Speedy Trial violations with reference to all Speedy Trial exceptions relating to both defendants, applying its decision in full force to each. *See United States v. Barnes*, 159 F.3d 4, 10 (1st Cir. 1998) ("It is well-settled that an exclusion of time attributable to one defendant is applicable for all codefendants."); *see also United States v. Torres-López*, 852 F.2d 520, 526 (1st Cir. 1988), *rehearing and rehearing en banc denied* (standing for the proposition that "[a] pretrial motion resulting in excludable time for one defendant also stops the Speedy Trial clock for all codefendants").

Trial Act purposes.  *See* 18 U.S.C. §3161(h).  One such exclusion is made for days when the defendant appears before the court.  *United States v. Santiago-Becerril*, 130 F.3d 11, 16 (1st Cir. 1997).   Another exclusion is made for pretrial motions[7] which the court has taken under advisement; in such instances, the court may exclude up to 30 days from the time of the final filing (when the issue stands submitted) until a decision is issued.  18 U.S.C. §3161(h)(1)(H).  Thus, "[m]otions that do not require a hearing may toll the seventy-day time limit for up to thirty days." *Santiago-Becerril*, 130 F.3d at 17.  Further, the court may exclude "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  18 U.S.C. §3161(h)(1)(D).

Thus, while the Speedy Trial clock began to run on April 16, 2009, that same day is excluded as a day when defendant appeared before the court.  *See Santiago-Becerril*, 130 F.3d at 16.  The United States agrees that no exclusions apply to the time-period between April 17, 2009 and April 21, 2009; thus, it is uncontested that five non-excludable days passed during that time.  However, on April 22, 2009, defendants filed a joint motion for extension of time to post bail (**ECF No. 11**), which was granted (**ECF No. 12**) on April 23, 2009, at which time a Foster Hearing (**ECF No. 14**) was ordered as a result of the defendants then-joint representation.  **ECF Nos. 13-14**.  Thus, April 22 and 23, 2009 are excludable as days while a pretrial motion was under advisement.  *See* 18 U.S.C. §3161(h)(1)(H).

The United States urges the court to find that, as the order for the Foster Hearing was entered as a result of the joint motion filed by defendants, the days between its filing and when the court vacated the hearing are excludable.  However, the court declines to adopt such an expansive reading of 18 U.S.C. §3161(h)(1)(D).  While the joint motion raised the issue to be decided at the Foster Hearing, it did not request such a hearing.  Rather, the court acted of its own initiative to set the hearing.  Further, the court already definitively ruled on the motion prior to setting the Foster Hearing; thus the court cannot conclude that the hearing was

---

[7] The term "pretrial motion" is used broadly in this context.  *Barnes*, 159 F.3d at 11.  For example, the First Circuit Court of Appeals has found that even discovery motions filed by the United States may constitute pretrial motions. *United States v. Jorge*, 865 F.2d 6, 11-12 (1st Cir. 1989).

intended to directly address or dispose of the joint motion.  Accordingly, the four days between April 24 and 27, 2009 are not excludable.   The United States admits that the eight days between April 28 and May 5, 2009 are not excludable, and the court agrees.

On May 6, 2009, defendants filed motions requesting the continuation of a settlement conference.  The motions were granted on May 7, 2009.  Thus, these two days are excludable under 18 U.S.C. §3161(h)(1)(H).  On May 7, 2009, the US Probation Office filed a revocation motion (**ECF No. 26**) and the court held a hearing regarding the pending matter on May 8, 2009 (**ECF No. 30**).  Thus, May 8, 2009 is also excludable under 18 U.S.C. §3161(h)(1)(D).  *See Santiago-Becerril*, 130 F.3d at 16.

At the May 8, 2009 hearing, the court adjusted defendant's conditions of release, mandating that he undergo psychological testing to determine his potential risk of committing domestic violence and to ascertain whether treatment was necessary.  **ECF No. 30**.  The United States now argues for the exclusion of all time following this hearing until the psychological evaluation was completed and amended terms of release entered on June 4, 2009.  In support of this argument, the United States cites 18 U.S.C. §3161(h)(1)(A), which allows for the exclusion of "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant."  However, the United States does not cite any case-law suggesting that this exclusion extends to psychological testing which does not address competency to stand trial, nor is the court aware of any case that supports this proposition.  Accordingly, the court declines to extend 18 U.S.C. §3161(h)(1)(A) to exclude this entire period from the Speedy Trial Act computation.[8]  Rather, the court reviews individual filings made during this time period.

On May 10, 2009, defendant filed an ex parte motion (**ECF No. 33**), which the court granted on May 12, 2009 (**ECF Nos. 36, 37 & 38**).  These three days are excludable under 18

---

[8]  The court notes that, as discussed *infra*, its reluctance to extend this exception does not materially alter its STA calculations as the difference between the STA clock as calculated by the United States and by the court is only fifteen days.

U.S.C. §3161(h)(1)(H).  On May 15, 2009, the court held a status conference, at which defense requested two additional months to review the extensive discovery in the instant case.  **ECF No. 39**.  The court granted this request and set an additional status conference for July 13, 2009.  *Id.* Therefore, May 15, 2009 is excludable "as a proceeding concerning the defendant." *See Barnes*, 159 F.3d at 10 (internal quotation and citation omitted).

On May 19, 2009, defendant filed an additional ex parte motion requesting an order (**ECF No. 40**), which the court ruled upon on May 28, 2009 (**ECF No. 46**).  Additionally, on May 20, 2009, defendant filed two motions for reconsideration regarding his conditions of release.  **ECF Nos. 42 & 43**.  Magistrate Judge McGiverin noted said motions on May 28, 2009), and notified defendant that the conditions would not be modified until the court received defendant's psychodiagnostic report.  **ECF No. 47**  The time-period between May 19, 2009 and May 28, 2009 is thus excludable under 18 U.S.C. §3161(h)(1)(H).

On June 3, 2009, defendant filed an additional motion for reconsideration (**ECF No. 50**), which resulted in the modification of his conditions of release (**ECF No. 52**) on June 4, 2009, at which time the court set a further bail review hearing for June 22, 2009.  After the further bail review hearing, the court again amended the conditions of release (**ECF No. 55**) and entered an amended order (**ECF No. 56**),  setting forth the finalized amended conditions of defendant's release on that same day.  Thus, the entire period from June 3, 2009, when defendant filed the motion, until June 22, 2009, when the court held the hearing and entered the amended order, is excludable under 18 U.S.C. §3161(h)(1)(D) & (H).

In the interim, on June 15, 2009, co-defendant filed a motion for extension of time (**ECF No. 54**), which the court granted on June 24, 2009 (**ECF No. 57**), noting that "[w]ere counsel to move In Limine, his request for an extension of 45 days to file dispositive motions in regards to the first designation of evidence is Granted."  The period between June 15 and June 24, 2009, is therefore excludable under 18 U.S.C. §3161(h)(1)(H).

The United States does not contest that, from June 25, 2009, until July 13, 2009, eighteen non-excludable days passed.  On June 13, 2009, the court held a status conference at which the

court was informed that Attorney Harry Anduze, counsel for co-defendant Astrid Colón-Ledeé, would be unavailable due to his impending knee transplant surgery. **ECF No. 60**. The attorney representing co-defendant at the hearing requested that no appearances or deadlines be set while Anduze was undergoing and recovering from surgery. *Id.* Mr. Ramón García ("García"), defendant Edgardo Colón-Ledeé 's counsel at the time, noted that he was still reviewing voluminous discovery at that time and had "no objection the term requested be granted" and, further, represented that he would not raise any STA challenge as a result. *Id.* At that time, the court ordered that the conference be continued, and that both defendants be present at the continued conference in order to "state for the record that they agree to the tolling of the STA." *Id.* The further status conference was held on July 21, 2009. **ECF Nos. 61 & 189**. During the conference, defendants agreed to the tolling and the court made relevant findings in order to institute an ends of justice continuance in the instant case,[9] which has remained in force until the present day. *Id.* Thus, at the time when the court instituted the ends of justice continuance, although ninety-seven calendar days had passed, only forty-six of these days were non-excludable on the Speedy Trial clock. Consequently, at that time, twenty-four days remained before the court was obliged to proceed to trial.

B.      **Ends of Justice Continuance**

As the interests of both a criminal defendant and the public underlie the Speedy Trial Act, a defendant may not waive application of the Act to him, for such a waiver would not protect the public's interests. *Zedner v. United States*, 547 U.S. 489, 501 (2006). Cognizant of this bar against Speedy Trial waivers, in the instant case the court instituted an ends of justice continuance on July 21, 2009, which was open-ended in nature. *See* **ECF Nos. 61 & 189**.

The Act explicitly provides an exception for an ends of justice continuance, defined by the statute as:

---

[9] The record in its relevant portions is as follows: page 2, lines 13-25, page 3, lines 6-25, page 4, lines 1-10 and lines 16-18, page 5, lines 7-11 and lines 13-14, page 6, lines 5-12, page 7, lines 6-10. *See also* **ECF No. 60-61**.

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. §3161(h)(7)(A).  However, in order to institute an ends of justice continuance, the court must set forth "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*; *see also United States v. Barnes*, 159 F.3d 4, 13 (1st Cir. 1998) ("*Barnes I*") (finding that the district court abused its discretion when it failed to set forth its reasons for instituting an ends of justice continuance).   Although the Act explicitly provides several examples of considerations which the court should bear in mind when deciding to institute a continuance, this list is non-exhaustive and, "[a]t the close of the day . . . reasonableness serves as the touchstone of an 'ends of justice' analysis." *United States v. Barnes*, 251 F.3d 251, 256 (1st Cir. 2001) ("*Barnes II*").

During the July 21, 2009 proceedings, after informing defendants of their rights under the Speedy Trial Act and gaining their assent to the tolling of the Act, the court set forth its reasons for granting the ends of justice continuance requested by defendants.  **ECF No. 189**. The court indicated to defendants that the "trial will be set within reasonable parameters taking into consideration when the discovery is concluded, when the defense wraps up the preparation of the case and when Mr. Anduze is ready to show up for trial." *Id.* The court subsequently specified that the continuance was granted because it was in the interests of justice and judicial economy to do so in order to provide for continuity of counsel and for discovery and pretrial proceedings in this complex case. *Id.* at 6-7.  The court indicated that it would end the continuance and set a trial once Anduze had recovered from his surgery. *Id.* at 7.

Thus, the court set forth two reasons for its decision to toll the Act with an ends of justice continuance.  First, upon defendants' request, the court tolled the Act to allow for continuity of counsel for co-defendant Astrid Colón-Ledeé , whose attorney, Anduze,  was

slated to undergo knee surgery and a lengthy recovery and therapy program.  Defendants wish to be tried together and defendant understood that, accordingly, it was in his best interest to wait until co-defendant's attorney had fully recovered in order to proceed to trial. *Id.* at 5.  As continuity of counsel is one of the factors explicitly set forth by the Act[10] as a consideration which might properly lead to an ends of justice continuance, the court finds no error in its reliance upon this factor as partial grounds for granting the requested continuance. *See Scantleberry-Frank*, 158 F.3d at 615-16 (finding time excludable under 18 U.S.C. §3161(h)(8) where it was granted to "aid defense counsel, and maintain continuity of counsel").

As the second basis for the continuance granted, the court cited the complexity of the instant case, as well as the voluminous nature of the discovery to be performed, as well as the defendants' need to retain the services of experts.  Under the plain terms of the Act, where a case is "unusual or complex" and requires extended time limits to allow for "adequate preparation for pretrial proceedings or for the trial itself" the court may institute an ends of justice continuance. 18 U.S.C. §3161(h)(7)(B)(ii).  Further, the Act directs the court to consider "the reasonable time necessary for effective preparation" of the defense when instituting an ends of justice continuance. 18 U.S.C. §3161(h)(7)(B)(iv).  Thus, the Speedy Trial Act explicitly contemplates granting ends of justice continuations in situations, such as the one present in the instant case, where the complex nature of a case necessitates additional time to conduct discovery and, ultimately, to prepare for trial.  *See Barnes II*, 251 F.3d at 256-57 (affirming the application of an ends of justice continuance related to discovery); *see also United States v. Bruckman,* 874 F.2d 57, 62 (1st Cir. 1989) (affirming the district court's grant of an ends of justice continuance based upon the case's complexity).   Accordingly, the court cannot find that it erred in granting the requested continuance based in part upon the complexity of the case and the voluminous nature of the discovery.

---

[10]   The Act provides that one factor to consider when granting an ends of justice continuance is "[w]hether the failure to grant such a continuance . . . would unreasonably deny the defendant . . . continuity of counsel." 18 U.S.C. §3161(h)(8)(B)(iv).

Thus, the rationale underlying the court's decision to grant the ends of justice continuance was both enunciated on the record and soundly based upon the Act itself, as well as relevant jurisprudence.  Accordingly, the court finds that the considerations underlying its decision furthered judicial interests, including judicial economy and continuity of defense counsel, and, thus, outweighed both defendants' and the public's interest in a speedy trial in the instant case.  Accordingly, the court must conclude that the continuance was appropriate when granted.[11]

Further, the court notes that, although it did not specify a particular end date for the continuance, open-ended continuances are permissible in this circuit.  *See Santiago-Becerril*, 130 F.3d at 18 (noting that, while "it is generally preferable to limit a continuance to a definite period for the sake of clarity and certainty" in certain cases open-ended continuances will be necessary).  Where, as here, a court grants an open-ended continuance, the court should, however, ascertain whether it is reasonable.  *Id.*  Upon such review, the court finds that, while the delay in the instant case was lengthy, it was not unreasonable.  When the court granted the open-ended continuance, there was no certain date when Anduze would regain full mobility following surgery, nor any date following that time when defense counsel would have been able to finalize their pre-trial preparations in this complex case.  *See United States v. Balsam*, 203 F.3d 72, 81 (1st Cir. 2000) ( finding no error in the district court's grant of an

---

[11]  Acting out of an abundance of caution, the court addressed herein the substantive merits of defendants' assertion that the ends of justice continuance was ineffective or inappropriate.  However, the court notes that application of judicial estoppel could have precluded defendants from challenging the continuance.  *See United States v. Pakala*, 568 F.3d 47, 59 (1st Cir. 2009) (noting that judicial estoppel may apply where a party convinces a court to adopt one position, then later adopts a clearly inconsistent position in order to derive an unfair advantage).  In the instant case, defendants requested the ends of justice continuance, asserting that the additional time was necessary to provide continuity of counsel and in order to properly prepare this complex case.  Defendant further stated explicitly for the record that he would not later raise a Speedy Trial challenge resulting from the continuance if granted and has subsequently, and through new counsel, filed the motion to dismiss on Speedy Trial grounds.  "Defense counsel cannot have it both ways" and use an ends of justice continuance as both a shield and a sword, requesting a continuance, then asking to have it subsequently excluded from Speedy Trial computations.  *See Scantleberry-Frank*, 158 F.3d at 616.

open-ended continuance where "parties suggested no date certain for rescheduling the hearing" in that case).  Further, as already noted, the complexity of the instant case lent itself to a relatively long pre-trial preparation process.

Moreover, until the instant motion to dismiss and motion to join were filed, the court has not understood that defendants were prepared to proceed to trial.  *See Santiago-Becerril*, 130 F.3d at 18 (upholding the trial court's exclusion of time from the STA computation where "[a]t no time [while the Act was tolled] did [defendant] seek . . . to terminate the continuance of his trial").  Anduze has not previously moved the court to end the continuance and set a trial date, indicating that he is fully recovered from his surgery and prepared to try the instant case.  Further, several recent submissions submitted by defendant's previous counsel show that pretrial preparations by defendant in the instant case  have been and were still ongoing.  *See* **ECF Nos. 170 & 172**.  Additionally, as noted by the United States, neither the court nor the parties have been idle in the interim.  In the time since the continuance tolled the Act, the court has entertained twenty-eight motions, including a motion to dismiss.  *See* **ECF Nos. 64, 69-74 & 77-97**.  Finally, defendants have benefitted not only from the continuance in the instant case, but also from the court's temporal leniency in granting repeated extensions of time, including two related to the defendant's request to file a reply relating to the motion to dismiss addressed herein and related filings made on June 8 and 21, 2011.  *See* **ECF Nos. 198, 202, 210 & 211**.

As explained above, the court finds no reason to discount or nullify the ends of justice continuance granted at defendants' request in July of 2009.  Therefore, no Speedy Trial violation has occurred and twenty-four days remain on the Speedy Trial clock.  However, at this time, as indicated in the motions to dismiss, the court understands that defendants are now prepared to proceed to trial.[12]  Accordingly, the court hereby terminates the ends of

---

[12]  At the June 12, 2011 conference, both counsel represented that the first available time for trial (considering that it will take 3 to 4 weeks to try this case) will be in September of 2011.  Accordingly, trial has been set to begin on September 6, 2011 and will continue up until September 23, 2011.  **ECF No. 209**.

justice continuance previously requested by defendants.

However, both defendants and the United States have indicated that September 6, 2011 is the first mutually acceptable date to begin trial in the instant case and as the instant case is complex and requires significant time and efforts to prepare for trial, particularly as defendant Edgardo Colón Ledeé is now represented by new counsel of record. Thus, the court finds that justice is best served by pausing the Speedy Trial clock until that time and, accordingly, grants the United States' request for an ends of justice continuance until September 6, 2011 (**ECF No. 211**).

III.    **Conclusion**

For the reasons set forth above, the court **DENIES** defendant's motion to dismiss for an alleged Speedy Trial violation (**ECF No. 185**).  Likewise, defendant's third motion to dismiss for Speedy Trial violation (**ECF No. 210**) is **DENIED**.  Further, the court finds that defendant's request that the court deny the United States' request for an extension of time to oppose the motion to dismiss and grant the motion to dismiss as unopposed (**ECF No. 192**) is **MOOT**. Defendant's informative motion supplementing the original motion to dismiss (**ECF No. 187**) is **NOTED**.  Finally, the United States' request for an ends of justice continuance until September 6, 2011 (**ECF No. 211**) to allow all attorneys to be present at trial and to allow for pretrial preparation in this complex case is **GRANTED**.

**IT IS SO ORDERED.**

At San Juan, Puerto Rico, on this 22nd  day of June, 2011.

**S/AIDA M. DELGADO-COLÓN**
**Chief U. S.  District Judge**