IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>[1] EDGARDO COLÓN-LEDEE<br>Defendant | CRIM. NO. 09-0131 [1] (ADC) |

MOTION
MOTION UNDER RULE 29

TO THE HONORABLE COURT:

**COMES NOW**, Defendant Edgardo Colón Ledeé, through his undersigned attorney, and respectfully prays as following:

I.  *Rule 29 of the Federal Rules of Criminal Procedure:*

This Honorable Court has the authority to enter a judgment of acquittal if the evidence is insufficient to sustain a conviction.

This Honorable Court must determine whether the evidence viewed in the light most favorable to the government, establishes the elements of the offense. U.S. v. Villareal, 324 F3d 319 (5th Cir. 2003).

This Honorable Court has to determine if the record lacks any evidence from which a reasonable jury could find defendant guilty beyond a reasonable doubt or if no interpretation of the evidence would allow the same to render a verdict of guilty beyond a reasonable doubt. U.S. v. Curtis, 324 F3d 501 (7th Cir. 2003); U.S. v. Chavez, 230 F3d 1089 (8th Cir. 2000).

The evidence in this case is insufficient to sustain the conviction of defendant Edgardo Colón Ledeé.

Under Rule 29(d), this Honorable Court can enter a judgment of acquittal on any or all charges after a guilty verdict.

This broad discretion of the judge post verdict, has, nonetheless certain boundaries: (1) it cannot consider or base its decision on inconsistency of verdicts, prosecutorial misconduct, in the interest of justice, due to conduct during trial; (2) it cannot weigh the evidence on credibility of witnesses, act as if it were a member of the jury.  See:  U.S. v. Genova, 333 F3d 750 (7th Cir. 2003); U.S. v. Ward, 197 F3d 1076 (11th Cir. 1990).

II.     *Insufficiency of the Evidence Claims*:

In order to properly determine our claim of insufficient evidence to sustain a guilty verdict, we briefly analyze the required evidence to prove a reasonable jury, beyond a reasonable doubt, the elements of the crimes allegedly committed by defendant.

   A. *Money Laundering*

There is insufficient evidence in the record to sustain the elements of this alleged offense.

There is a complete failure on the part of the government to prove the alleged effect on interstate commerce.  U.S. v. Goodwin, 141 F3d 394 (2nd Cir. 1997).

Interstate commerce is both jurisdictional and an essential element of the offense.  U.S. v. Ladlum, 141 F3d 1328 (9th Cir. 1998).

Proof of a nexus with interstate commerce is an essential element of money laundering.  Goodwin, supra.

It requires proof beyond a reasonable doubt.  U.S. v. Leslie, 103 F3d 1093 (2nd Cir. 1997).

Also, the government did not prove that the money mentioned in the indictment was obtained from illegal sources or activities, nor that this defendant intented to use the money to

promote an unlawful activity, engage in conduct that violates 26 USC Sec. 7201 or 7206 or to conceal or disguise the nature, location, source, ownership or <u>control of the proceeds of the specified unlawful activity.</u>

The government did not present sufficient evidence to establish the <u>actus reus</u> of the alleged crime, which is the <u>financial transaction that affected interstate commerce at the time of the same.</u>

The government did not prove that <u>at the time the financial transaction (if any) occurred</u> the defendant knew that the property in the same represented the proceeds of some form of unlawful activity.

Finally, the government did not prove the specific intent required.

*B. The Conspiracy Charge*

There is insufficient evidence in the record to sustain the Conspiracy charge of Count One of the Indictment.

The evidence in this Count (as in the others) amounts only to speculation on weak facts, there being other scenarios that do not lead to the ultimate inferences the government sought to make. <u>Newman v. Nietrish</u>, 543 F3d 1793 (6th Cir. 2008); <u>U.S. v. Cartwright</u>, 359 F3d 281 (3rd Cir. 2004).

Guilty of a conspiracy cannot be proven solely by family relationship or other type of close association. <u>U.S. v. Ritz, 548 F2d 88 (3rd Cir. 1988)</u>

Furthermore, hearsay statements of government witnesses and documents signed by alleged co-conspirator Astrid Colón Ledeé and other persons, including defendant (as the Settlement Stipulation in the bankruptcy case) as well as the latter's conduct on her unrelated previous bankruptcy case, were admitted into evidence constituting insufficient evidence in the record under the standards of <u>U.S. v. Petrozziello</u>, 548 F2d 20 (1st Cir. 1977).

There is no proof of an agreement by defendant with his sister or anybody else or as to when the conspiracy started and its purpose, as well as when did it end.

III.     *Counts Two, Three to Five and Count 8.*

There is insufficient evidence in the record as to these counts, specially as to specific intent to commit fraud or make false oath.

Whatever oath by defendant appears on record is conditioned in writing to the best of his knowledge, recollection and belief, said oaths being no basis for perjury or false and fraudulent statements.

Finally, courts have found evidence insufficient as a matter of law on the grounds that government failed to disprove entrapment (in the instant case entrapment by estoppel) beyond a reasonable doubt.  Jackson v. United States, 503 US 540 (1992); US v. Poehlman 217 F3d 682 (9th Cir. 2000)  United States v. Skarie, 971 F2d 317 (9th Cir. 1992).

In this case, this Honorable Court admitted into evidence a document prepared by Trustee Segarra containing incriminatory statements by defendant, under the guise of ending all bankruptcy issues while the US Trustee had promoted an ongoing criminal investigation of Defendant relative to his bankruptcy case, being already a target o said investigation.

Adding to this insufficiency of evidence as a matter of law in regard to all counts in the Indictment, said Settlement Stipulation was admitted into evidence.

By the Government offering and the Court's admitting, contrary to Rule of Evidence 408 said "Settlement Stipulation" makes as a matter of law all evidence in the case insufficient as to all counts.

Said document contains a statement forced by the Bankruptcy Trustee that as an "alter ego" of the corporation investments, Unlimited, he would act to leave without effort a sale of a property and turn it over to the bankruptcy estate.

4

In regard to these counts there is complete lack of sufficient evidence, to prove that any creditor was deprived of his rights (if any) during the bankrupcty proceeding or thereafter.

The matter of selective prosecution, and defendant's request to the court to give appropriate instructions to that effect, as well as the matter of entrapment by estoppel and other defenses and legal issues raised by defendants throughout the case as is the right to a speedy trial, are not being waived by the filing of this motion.

**FOR ALL THE ABOVE**, it is respectfully requested that this Honorable Court that it grants the herein motion.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this March 8th, 2012.

**HEREBY I** certify that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record.

**NOGUERAS LAW & ASSOCIATES**
P.O. Box 195386, San Juan, PR  00919-5386
Tel. (787) 296-1958,  Fax: (787) 772-4605
**s/Nicolás Nogueras Cartagena**
USDC PR No. 109,712
e-mail: nnogueras@nogueraslaw.com